UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-5-HRW

AMERICAN FIRE AND CASUALTY COMPANY,           PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

CADCO HEATING & COOLING, INC.,           DEFENDANT.

This matter is before the Court upon the Defendant CADCO Heating & Cooling, Inc.'s ("CADCO") Motion to Dismiss Petition for Declaratory Judgment [Docket No. 7]. The motion has been fully briefed by the parties [Docket Nos. 7-1, 8 and 9]. For the reason set forth below, the Court will abstain from exercising jurisdiction over this matter and, as such, dismissal is warranted.

In the summer of 2011, Patrick Leggett contracted with CADCO for the installation of whole house HVAC, radiant heating and a geothermal unit with geothermal Intake for his residential property located in Mason, County, West Virginia. Litigation ensued, in which Leggett alleged reach of contract, fraud, intentional infliction of emotional distress, negligent misrepresentation, intentional misrepresentation, fraudulent inducement against CADCO. The lawsuit is currently pending in Circuit Court of Mason County, West Virginia. *Leggett v. CADCO Heating & Cooling et al.*, Civil Action No. 13-C-14N (the "Leggett Suit").

At the time of the events giving rise to Leggett's claims, CADCO was the named insured on an insurance policy issued by American Fire, Policy No. BKA 545142092 for the

policy period from July 12, 2011 to July 12, 2012. CADCO provided notice of the claim to American Fire. American Fire denied coverage. It then instituted this civil action, seeking a declaration that it is not obligated to provide CADCO with a defense in the original cause of action nor to indemnify CADCO should it be determined that CADCO is liable. Three days later, CADCO filed a Third-Party Complaint in the Leggett Suit against American Fire, seeking a declaration that American Fire is obligated to defend and indemnify it. CADCO argues that this Court should abstain from exercising jurisdiction over this matter and that this civil action should be dismissed.

## II.    LEGAL ANALYSIS

Abstention is a self-imposed limitation on the exercise of jurisdiction, inspired by comity and a concern for avoiding unnecessary friction between state and federal courts. The doctrine of abstention, is actually several doctrines, each with a unique area of application. In the context of action for declaratory judgment, assuming jurisdiction is within the discretion of the District Court. In exercising this discretion, the United States Supreme Court cautioned:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition o
>
> of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). When presented with such a claim, the District Court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can

2

better be settled in the proceeding pending in the state court." *Id*. The District Court should consider "whether the claims of all parties in interest can satisfactorily be adjudicated in [state court], whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding. *Id*.

In determining whether this court should exercise its discretion over the parties' reciprocal claims, this Court must analyze the five factors articulated by the Sixth Circuit in *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation:*

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

746 F.2d 323, 326 (6th Cir.1984). On balance, the factors weigh against this court's exercise of jurisdiction.

*i. Settlement of the Controversy*

American Fire seeks a declaration that it has no duty to defend or indemnify CADCO based on exclusions in its insurance policy for damages that were was expected or intended from the standpoint of CADCO, damages which CADCO is obligated to pay damages by reason of the assumption of liability in a contract or agreement, damage to property that must be restored, repaired or replaced because CADCO's work was incorrectly performed on it or damages resulting from dishonest acts by CADCO. [Docket No. 1]. In its Third Party Complaint against

3

American Fire, CADCO seeks a declaration that American Fire is obligated to defend it against Leggett's complaints in the pending Mason Circuit Court proceeding because those exclusions do not apply to the facts alleged. [Third Party Complaint, Docket No. 8-1].

This court's declaration of rights regarding insurance coverage will settle the specific controversy about the extent of American Fire's coverage obligation to CADCO, but it will not settle the ultimate controversy between CADCO and Leggett with respect to the installation of the heating system on Leggett's property. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC,* 495 F.3d 266, 272–73 (6th Cir.2007); *see also Grand Trunk,* 746 F.2d at 326 (finding that the district court erred in giving a declaratory judgment in part because "the instant [declaratory judgment] action ... would not clear up the legal issues in that [pending state] case"). Indeed, issuing declaratory relief may complicate the underlying state court issues because the determination of liability under the policy turns on contested facts that will be resolved in the state court case. *See Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 814–15 (6th Cir.2004) (noting uncertain results where the insurance coverage issue hinged on the employment status of the plaintiff, but there were inconsistent findings as to his status in the underlying state actions and the declaratory judgment action). Furthermore, this Court lacks a well-developed factual record upon which to adjudicate the matter before it. A decision by this Court would require an examination of matters being developed through discovery in the underlying state court action. Given the existence of incomplete facts, this factor weighs against the exercise of jurisdiction.

    *ii.   Clarification of the Legal Relations at Issue*

A declaratory judgment in this case will clarify the legal relationship at issue, to-wit, the contractual duties and indemnification owed by American Fire to CADCO, both of whom are parties in the underlying state suit. A decision by this Court will not, as stated above, clarify the legal relationship between CADCO and Leggett with respect to CADCO's work on his property.

In 2008, the Sixth Circuit recognized that a split had developed "concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Scottsdale,* 513 F.3d at 557. *Compare U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 Fed. App'x 562, 565 (6th Cir.2006) (weighing that fact against exercising jurisdiction), *with Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066–67 (6th Cir.1987) (concluding that Sixth Circuit precedent did not preclude totally the availability of declaratory judgment actions involving insurance coverage questions, and perhaps even supported the exercise of discretion). The Sixth Circuit found the former more persuasive and affirmed a district court's declaratory decision that clarified the insurance relationship before the district court and that, significantly, would not confuse the state court's analysis of liability issues. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir.2008). Yet the risk of confusion absent from *Scottsdale* is at play here because the insurance issue is before the state Court, by way of CADCO's Third Party Complaint against American Fire. *Compare Westfield Insurance Company v. John Dever Builder, Inc.*, 2010 WL 9964070 (E.D. Ky.)("The risk of confusion is allayed somewhat where, as here, neither the scope of insurance coverage nor the obligation to defend is before the state court"). Therefore, this factor weighs against this Court's exercise of jurisdiction.

5

### iii. Race for Res Judicata

American Fire's petition for declaratory judgment pre-dates CADCO's by three days. American Fire makes much of this fact, urging this Court to exercise jurisdiction because America Fire filed first. However, the race to the courthouse is not dispositive of the abstention analysis. Moreover, a mere seventy-two hours separates the complaints, hardly amounting to a *race*. The analysis of factor would appear to result in a toss-up.

### iv. Increased Friction Between Federal and State Courts

Although the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction, *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir.1987), this court must consider the federalism implications of issuing a declaratory judgment. To do so, it must analyze three additional sub-factors: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Bituminous*, 373 F.3d at 815–16 (*citing Scottsdale v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000)).

An application of these sub-factors weighs against this Court's exercise of jurisdiction. The scope of CADCO's work and the precise nature of Leggett's damages are at the crux of both Complaints. The Leggett matter is already proceeding in state court. As the Sixth Circuit said in *Bituminous:* "We have repeatedly held in insurance coverage diversity cases that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving

6

an ongoing action in another court. *Bituminous*, 373 F.3d at 812. Further, "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Id.* In this case, that would be the Mason Circuit Court. As in *Bituminous,* "[a]ny resolution that could be achieved by the declaratory judgment would come at the cost of increasing the friction between state and federal courts." *Id.* at 817.

    *v.    Availability of an Alternative Remedy*

This is a chip shot. The issues in controversy can be addressed adequately in the Circuit Court of Mason County, West Virginia, where all of this began.

    *vi. Balancing the Factors*

Both parties appear on the dockets of two courts in two separate jurisdictions, to argue the same issues before each court. It is clear that the factors weight heavily in favor of abstention.

## III. CONCLUSION

In this case, abstention is the better course. Accordingly, **IT IS HEREBY ORDERED**:

(1)     Defendant CADCO Heating & Cooling, Inc.'s Motion to Dismiss Petition for Declaratory Judgment [Docket No. 7] be **SUSTAINED**;

(2)     Patrick Leggett's Motion to Intervene [Docket No. 4] be **OVERRULED** as **MOOT**; and

(3)     the Complaint be **DISMISSED** and this action **STRICKEN** from the docket of this Court.

This 12th day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge